UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES POSNANSKI,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM GIBNEY, GIBNEY &<br>ASSOCIATES, PLC, and<br>XL SPECIALTY INSURANCE,<br><br>    Defendants. | CIV 02-2010 PHX (JWS)<br><br>ORDER FROM CHAMBERS<br><br>[Re:  Motions at dockets 147<br>        and 150] |

## I. MOTIONS PRESENTED

At docket 147, plaintiff Charles Posnanski moves for an order finding defendants in contempt for failure to comply with an order issued by Judge Shabaz of the Western District of Wisconsin.  Defendants William Gibney and his law firm, Gibney & Associates, PLC ("Gibney defendants"), oppose the motion at docket 150 and further cross-move for an order requiring the deposit of funds under Federal Rule 67, staying enforcement of Judge Shabaz's original order, and for reconsideration of the order. Posnanski opposes the cross-motions at docket 152.  The issues have been fully briefed.  Oral argument has not been requested and would not assist the court.



## II.  BACKGROUND

This is a legal malpractice case arising out of estate planning services rendered by the Gibney defendants.  Posnanski made three separate investments with assistance from Gibney: $1 million in International Strategy through the creation of a charitable remainder unitrust, which was used to purchased debentures in Lendco, Inc.; $1.2 million in a company called NCC, Inc. through a company formed by Posnanski; and, finally, Posnanski invested $1 million by way of a corporate entity, Strong International, which pooled money and invested it in Listro, Inc.  Posnanski alleges that as a result of Gibney's failure to advise him of the risk associated with these investments, his failure to disclose his conflicts of interest, and his failure to adequately protect the investment, Posnanski lost much of the over $4 million he invested.[1]

Posnanski filed an amended complaint in the Western District of Wisconsin on June 6, 2002.  At docket 81, the district court in Wisconsin transferred the case to this court pursuant to 28 U.S.C. § 1406(a).  At dockets 112 and 115, Gibney defendants moved for summary judgment.  These motions were granted in an order at docket 155, issued on June 25, 2003.  In the meantime, the parties filed the motions at dockets 147 and 150.

The present motions concern an order issued by Judge Shabaz on October 23, 2002, before the case was transferred to this court.[2]  That order considered whether or

---

[1] For a more detailed statement of facts and procedural history, see this court's order at docket 155.

[2] Doc. 147, Ex. A (Memorandum and Order in Case No. 02-C-180-S).

2

not to impose sanctions on defendants relating to five separate motions: (1) Posnanski's motion to compel interrogatory responses; (2) Posnanski's motion to compel deposition responses; (3) Posnanski's motion to compel insurance information; (4) defendants' motion to stay proceedings pending resolution of motion to refer matter to arbitration; and (5) defendants' motion for three-month continuance of trial.  Judge Shabaz considered whether defendants' failure to respond to Posnanski's motions to compel and bringing its motions to stay and for continuance were "substantially justified."  Judge Shabaz concluded that defendants' conduct was part of an obvious pattern of delay and, therefore, awarded Posnanski $6,921 in attorneys' fees and costs as sanctions.[3]

On October 25, 2002, two-days after the order was issued, Posnanski's attorney, William J. Holloway, wrote to defendants' counsel, Donald K. Schott, requesting a check, payable to Quarles & Brady, be issued in the amount of $6,921.[4]  On December 20, 2002, in a second letter to Schott concerning other matters, Holloway asked for payment of the sanctions award.[5]  On March 31, 2003, Holloway wrote to Schott again to request the sanction payment and explaining that, if it is not received within ten days, he would file a motion before this court seeking to enforce the order.[6]  It appears that Schott responded to that letter by leaving a voice mail message that he

---

[3]*Id.* at 3.

[4]Doc. 147, Ex. C.

[5]Doc. 147, Ex. D.

[6]Doc. 147, Ex. E.

was not handling the payment. Thereafter, on April 18, 2003, Holloway gave Schott another ten days to produce payment.[7] Having received no payment, Posnanski filed the motion at docket 147 on May 9, 2003.

### III. DISCUSSION

Plaintiff's motion seeks a declaration that the Gibney defendants have failed to comply with the order issued by Judge Shabaz on October 23, 2002. Defendants do not dispute that an order was issued requiring payment of $6,921 in sanctions. Nor do defendants dispute that they have not yet paid Posnanski. Instead, defendants request reconsideration of the order and, further, request a stay and permission to deposit funds pursuant to Rule 67 pending resolution of the dispute.

Defendants' request for reconsideration is denied. Although the Arizona and Wisconsin local rules do not impose a specific deadline for the filing of a motion for reconsideration, defendants' motion is nevertheless too late. In the interest of finality, it is inappropriate for the court to consider this motion, which was filed many months after the original order. Further, the motion fails to establish that reconsideration is proper. Motions for reconsideration serve a limited function of correcting manifest error.[8] Whether or not to grant such a motion is committed to the sound discretion of the court and should not be granted absent new evidence, clear error, or a change in controlling

---

[7]Doc. 147, Ex. F.

[8]*Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264 (7th Cir. 1996).

4

law.[9] Here, nothing in defendants' motion shows that any of these three circumstances are present. More important, it would be inappropriate for this court to evaluate the decision of another district judge made many months prior; that is the function of the court of appeals.[10] Defendants should have requested reconsideration from Judge Shabaz.

Having denied the motion for reconsideration, there is no reason to stay the proceedings or order deposit of funds to the court. Defendants request these actions pending final outcome of the dispute. Because there is no dispute, these requests are unnecessary. In fact, the dispute was resolved by Judge Shabaz's order granting sanctions.

## IV. CONCLUSION

For the reasons stated above, Posnanski's motion at docket 147 is **GRANTED**. On or before August 20, 2003, defendants shall tender a check payable to Quarles & Brady and Charles Posnanski in the amount of $6,921, plus interest at the rate of 6 percent per annum from December 1, 2002 - a date by which payment should certainly have been made - plus $500 as the reasonable cost of bringing a motion to

---

[9]*Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[10]The parties dispute whether or not this matter has been appealed to the 7th Circuit. Specifically, Posnanski argues that defendants did and the court upheld the district court award of sanctions. However, in the reply, defendants explain that they had asked the 7th Circuit to review Judge Shabaz's order of October 3, 2002, splitting the case between separate federal district courts. The writ of mandamus petition attached at docket 147 does not adequately answer this question. Nevertheless, it does not change the court's opinion of the propriety of reconsidering Judge Shabaz's order.

enforce Judge Shabaz's order. The Gibney defendants' requests at docket 150 are **DENIED.**

DATED at Anchorage, Alaska, this 6th day of August 2003.

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE