

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES POSNANSKI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WILLIAM GIBNEY, *et al.* )<br>)<br>Defendants. )<br>) | CIV-02-2010 PHX JWS<br><br>**ORDER FROM CHAMBERS**<br><br>[Re:   Motion at Docket 160] |

### I. MOTION PRESENTED

At docket 160, defendants William Gibney, *et. al.* ("Gibney"), move for an award of attorneys' fees and related costs incurred in defending a malpractice action brought by plaintiff Charles Posnanski. Posnanski opposes the award at docket 180, and Gibney replies at docket 181. Oral argument has not been requested and would not assist the court.

### II. BACKGROUND

This order adopts and incorporates the background facts and statement of jurisdiction as stated in this court's order granting summary judgment at docket 155.



## III. DISCUSSION

Gibney relies upon A.R.S. § 12-341.01(A) in support of his claim for an award of attorneys' fees.[1] Pertinent to this case, § 12-341.01(A) provides that the court may award reasonable attorneys' fees to the prevailing party in "any contested action arising out of a contract, express or implied."[2] For this statute to apply, the contested action must have arisen from an express or implied contract. The Arizona Supreme Court has held that malpractice actions do not arise out of contract, but sound in tort.[3] In reaching this conclusion, the court found that the law imposes certain duties upon attorneys when they undertake representation, and held that such duties exist even in the absence of a contract.[4] "The essential nature of actions to recover for the breach of such duties is not one 'arising out of contract' but rather one arising out of tort–breach of legal duties imposed by law."[5] The court defined the duties owed by an attorney to a client as "implied in law" and distinguished them from duties "implied in fact," holding that duties "implied in law" do not arise out of contract.

Applying the standard articulated by the Arizona Supreme Court, this court finds that the present case is a malpractice action, and that the duties allegedly breached are duties "implied in law." The fee agreement between Posnanski and Gibney simply

---

[1] Gibney does not indicate which subsection of the statute he relies upon, but subsection A is the only subsection applicable to recovery of attorneys' fees in breach of contract disputes.

[2] A.R.S. § 12-341-01(A).

[3] *Barmat v. John & Jane Doe Partners A-D*, 747 P.2d 1218, 1219 (Ariz. 1987).

[4] *Id.* at 1221.

[5] *Id.* at 1222.


defines the nature of Gibney's representation and establishes a fee structure for the representation and is not a "contract" for purposes of A.R.S. § 12.341.01(A). Consequently, A.R.S. § 12.341.01(A) provides no basis for this court to award attorneys' fees.

The court now turns its attention to Gibney's claim for non-taxable costs pursuant to Local Rule 2.20 and FED. R. CIV. P. 26(b)(4)(C). Specifically, Gibney argues he is entitled to $10,475.00 in expert fees.[6] In support of his claim, Gibney argues that Posnanski deposed several of Gibney's experts and has failed to reimburse Gibney for the associated expert fees.[7] Posnanski argues that an agreement existed between himself and Gibney providing that each party would pay the fees of its own experts for depositions.[8] In support of his position, Posnanski offers the affidavit of its attorney, David Schott. Schott's affidavit details a series of correspondence between himself and Gibney expert William Fairbourn, in which Schott argues he explained the alleged expert fee agreement to Fairbourn.[9] Copies of the correspondence were not provided to the court. Schott's affidavit also details correspondence between himself and Gibney attorney Russell Klingaman, in which Schott argues he explained the expert fee agreement to Klingaman.[10] Copies of the correspondence were not provided to the

---

[6] Doc. 160 at 1.

[7] Doc. 173 at 2.

[8] Doc. 162 at 2.

[9] *Id.* at 3.

[10] *Id.*

court. Posnanski argues that Schott never heard back from either Fairbourn or Klingaman.[11]

Gibney contests this version of events and characterizes Posnanski's claim of a fee agreement as "pure fabrication."[12] Gibney argues that it defies reason to believe that he would have agreed to pay the expenses of all four of Posnanski's experts when he only had one expert of his own that Posnanski would pay for.[13] Additionally, Gibney characterizes the alleged agreement as a "discovery stipulation" and argues that such stipulations must be in writing to be enforceable.[14] Gibney cites Fed. R. Civ. P. 29 in support of this proposition.[15] Rule 29 directs that parties may modify the procedures governing discovery, but requires such modifications be in writing.[16] Since the alleged expert fee agreement modifies the discovery procedures contained in Rule 26, it must be in writing to be enforceable. Posnanski offers no written agreement. Consequently, the court is unable to enforce the alleged expert fee agreement and must rely on the discovery procedures set in place by Rule 26.

Rule 26(b)(4)(C) directs that when a party's expert is deposed by the opposing party, "the court shall require that the party seeking discovery pay the expert a reasonable fee for the time spent in responding to discovery." The rule is mandatory in

---

[11] *Id.*

[12] Doc. 166 at 1.

[13] *Id.*

[14] *Id.* at 2.

[15] *Id.*

[16] FED. R. CIV. P. 29(2).

the sense that the court may not refuse to grant an award sought under the rule.[17] It is at the court's discretion, however, to determine what constitutes a "reasonable fee."[18] Posnanski argues that Gibney's request for expert fees fails to comply with Local Rule 2.20(e)(3) and therefor must be dismissed. Local Rule 2.20(e)(3) requires an itemized statement identifying expenses with particularity, and requires supporting documentation in the form of invoices, receipts, and disbursement instruments. Gibney's failure to comply with the rule prevents the court from evaluating the reasonableness of its request. Consequently, Gibney's request for expert fees must be denied.

## IV. CONCLUSION

For the reasons stated above, Gibney's motion for attorneys' fees at docket 160 is **DENIED**. Gibney's motion for an award of non-taxable costs at docket 160 is also **DENIED**.

DATED at Anchorage, Alaska, this 29th day of October 2003.

/s/ John W. Sedwick
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[17] *U.S. v. City of Twin Falls*, 806 F.2d 862, 879 (9th Cir. 1986).

[18] CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D, § 2034 at 470 (2d ed. 1994).