FILED ☒   LODGED ___
RECEIVED ___   COPY ___

MAR 5 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES POSNANSKI, | ) |
| Plaintiff, | ) CIV-02-2010 PHX JWS |
| vs. | ) ORDER FROM CHAMBERS |
| WILLIAM GIBNEY, *et al.*, | ) [Re:   Motion at Docket 185] |
| Defendants. | ) |

## I. MOTION PRESENTED

At docket 185, defendants William Gibney, *et. al.* ("Gibney"), move the court to reconsider its order denying an award of attorneys' fees at docket 160. Posnanski opposes the motion. Oral argument has not been requested and would not assist the court.

## II. BACKGROUND

This order adopts and incorporates the background facts and statement of jurisdiction set out in this court's order granting summary judgment at docket 155.

## III. STANDARD OF REVIEW

Motions for reconsideration are disfavored in the Ninth Circuit.[1] In the District of Arizona, motions for reconsideration will only be granted when:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened *after* the Court's decision;
> (3) There has been a change in the law that was decided or enacted *after* the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.[2]

Motions for reconsideration are not the place for parties to present new arguments not raised in their original briefs.[3] "Nor is reconsideration to be used to ask the Court to rethink what it has already thought."[4] Motions for reconsideration may not repeat in any manner the arguments presented in support or opposition to the original motion.[5] Motions for reconsideration are granted at the discretion of the Court.[6]

## IV. DISCUSSION

---

[1] *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

[2] *Motorola*, 215 F.R.D. at 586 (D. Ariz. 2003).

[3] *Motorola*, 215 F.R.D. at 582 (internal citations omitted).

[4] *Id.*

[5] *Id.* at 586.

[6] *Id.* at 582, citing *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

### A. The Denial of Attorneys' Fees

Gibney seeks reconsideration of the court's order at docket 160 in which the court denied the award of attorneys' fees. Gibney contends that "the Court's decision indicates there are material differences in fact and law from that presented to the Court."[7] Specifically, Gibney argues that the court's "legal and factual analysis . . . [was] materially different from that presented to the court in Posnanski's response brief."[8] Moreover, Gibney contends that "at the time of the court's decision, Gibney could not have known of the legal differences that would ultimately be relied upon by the court."[9] Gibney is mistaken. Posnanski's response brief specifically references *Barmat v. Doe*[10] and presents much the same argument relied upon by the court in reaching its decision.[11] To wit, Posnanski states that "attorney's fees under A.R.S. § 12-341.01(A) are restricted to actions "arising out of a contract."[12] Posnanski's response also states that "when a tort claim exists independently of a contract, the tort claim does not 'arise out of a contract' and attorneys' fees will not be awarded."[13] Given these facts, there can be no reasonable argument that Gibney, through the exercise of reasonable

---

[7] Doc. 186 at 1.

[8] *Id.* at 5.

[9] *Id.* at 8.

[10] 747 P.2d 1218 (Ariz. 1987).

[11] Doc. 180 at 8-9.

[12] *Id.*

[13] *Id.*

diligence, "could not have known of the legal differences that would ultimately be relied upon by the court."

### B. The Denial of Expert Fees

Gibney argues that the court failed to consider Gibney's verified itemization of expert expenses in denying his request for expert fees. The court must confess its error on this point, having overlooked the itemized statement that was indeed filed with the motion for expert fees. Consequently, Gibney has made a convincing showing that the court failed to consider material facts presented to the court prior to its decision. Reconsideration of the matter is the appropriate remedy.

Gibney argues it is entitled to $10,475.00 in expert fees.[14] In support of its claim, Gibney argues that Posnanski deposed several of Gibney's experts and has failed to reimburse Gibney for the associated expert fees.[15] Posnanski responds that an agreement existed between the parties providing that each party would pay the fees of its own experts for depositions.[16] In support of its claim, Posnanski offers the affidavit of his attorney, David Schott. Schott states in his affidavit that he received an invoice in December 2002 from Gibney expert William G. Fairborn requesting compensation for time spent being deposed by Schott. Schott states that he responded in writing to Fairborn on December 12, 2002, and advised him that "the practice we have been following in this case is that the party retaining the expert has been paying the expert's

---

[14]Doc. 160 at 1.

[15]Doc. 173 at 2.

[16]Doc. 162 at 2.

fees. Therefore, your invoice is more properly directed to [Gibney attorney] Mr. Holloway." Schott states a copy of this letter[17] was also sent to Gibney attorney William Holloway, and avers that Holloway never objected to his characterization of the fee arrangement. Schott also states that Fairborn never again contacted him seeking fees.

Schott states that he received a letter in June 2003 from Gibney attorney Russell Klingaman in which Klingaman requested payment for the fees of Gibney's experts. Schott states he responded to Mr. Klingaman's letter in writing on June 18, 2003, and advised him that the practice followed throughout the case "was that each party paid the fees of experts retained by them. That is why you were never sent a bill for [Posnanski expert witness] Ralph Cagle." Schott states that a copy of this letter[18] was sent to Gibney attorney Holloway. Schott avers that he received no objection from Klingaman or Holloway to his characterization of the fee agreement.

Gibney, without actually denying the existence of the correspondence discussed above, nevertheless characterizes Posnanski's claim of a fee agreement as "pure fabrication."[19] Gibney argues that it defies reason to believe that it would have agreed to pay the expenses of all four of Posnanki's experts when it only had one expert of its own that Posnanski would pay for.[20] Additionally, Gibney characterizes the alleged agreement as a "discovery stipulation" and argues that such stipulations must be in

---

[17]Attached as Exhibit 1 to doc. 162.

[18]Attached as Ex. 2 to doc. 162.

[19]Doc. 166 at 1.

[20]Id.

writing to be enforceable.[21]  Gibney cites FED. R. CIV. P. 29 in support of this proposition.[22]  Rule 29 directs that parties may modify the procedures governing discovery, but requires such modifications be in writing.[23]

Although Posnanski's briefing fails to explicitly reference equitable estoppel, he appears to argue that the lack of objection from Holloway or Klingaman regarding his characterization of the fee agreement led him to believe that such an agreement had been accepted by the parties.  In reliance on this supposed agreement, Posnanski engaged in conduct that he would not have otherwise engaged in but for his reliance, namely, paying the expert fees of his own witness, Ralph Cagle.

Over one-hundred years ago, the Supreme Court recognized the doctrine of equitable estoppel.[24]  The basic principle of the doctrine is that "he who by his language or conduct leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted."[25]  Williston instructs that:

> The representation of fact may be made either by words or conduct; that the person to whom the representation is made must have a right to rely upon it and must do so reasonably without knowledge or means to learn the true state of affairs; and that permitting the party making the

---

[21]*Id.* at 2.

[22]*Id.*

[23]FED. R. CIV. P. 29(2).

[24]See *Dickerson v. Colgrove*, 100 U.S. 578 (1879).

[25]*Dickerson*, 100 U.S. at 580.

representation to deny it would cause injury by virtue of the reliance.[26]

Through its conduct, Gibney provided ample reasons for Posnanski to believe that the fee agreement existed as he claims. First, it is common practice to request compensation for expert fees at or near the time of the deposition. Gibney apparently did not request payment for the deposition of any of its four experts at or near the time of their depositions. Second, Gibney did not pay for the deposition of Posnanski's expert, Ralph Cagle. Third, Gibney's attorneys failed to respond in any way to the letters sent by attorney Schott in which Schott presented his understanding of the fee arrangement. Fourth, after responding to Mr. Fairborn and informing him of the fee arrangement, Posnanski never heard further from Fairborn or the other Gibney experts. Finally, after ignoring Schott's letters, Gibney waited until long after the close of discovery to formally request the payment of fees. As noted by Posnanski, Rule 26(b)(4)(C) governs discovery. It does not govern the post-judgment allocation of costs.

Taken together, these factors strongly support an inference that the fee agreement existed as Posnanski claims. At the very least, there appears to have been ample reasons for Posnanski to rely on his understanding of the agreement given the conduct of Gibney's attorneys. Having reasonably relied upon the conduct of Gibney, considerations of equity require that Posnanski not be penalized for his reliance.

---

[26] 4 SAMUEL WILLISTON & RICHARD A. LORD, A TREATISE ON THE LAW OF CONTRACTS § 8:3 (4th ed. 1993 & Supp. 2001).

## IV. CONCLUSION

For the reasons stated above, Gibney's motion for reconsideration at docket 185 is determined as follows: Gibney's request for attorneys' fees is **DENIED**. Upon reconsideration, Gibney's request for expert witness fees is likewise **DENIED**.

DATED at Anchorage, Alaska, this 29th day of February 2004.

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE