UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES POSNANSKI,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>WILLIAM GIBNEY; et al.,<br><br>    Defendants - Appellees. | No.  03-16418<br>D.C. No. CV-02-02010-JWS<br><br>**JUDGMENT** |
| CHARLES POSNANSKI,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>WILLIAM GIBNEY; et al.,<br><br>    Defendants - Appellants,<br><br>and<br><br>XL SPECIALTY INSURANCE COMPANY,<br><br>    Defendant. | No.  03-16477<br>D.C. No. CV-02-02010-JWS<br><br>**JUDGMENT** |
| CHARLES POSNANSKI,<br><br>    Plaintiff - Appellee,<br><br>v. | No.  03-17235<br>D.C. No. CV-02-02010-JWS |

|                                    | **JUDGMENT** |
|---|---|
| WILLIAM GIBNEY; et al.,            |              |
|     Defendants - Appellants, |   |
| and                                |              |
| XL SPECIALTY INSURANCE COMPANY,    |              |
|     Defendant. |              |

Appeal from the United States District Court for the District of Arizona (Phoenix).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Arizona (Phoenix) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 08/30/05

```
A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

      SEP 3 0 2005

by: Ruben Talavera
        Deputy Clerk
```

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 30 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES POSNANSKI,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>WILLIAM GIBNEY; GIBNEY & ASSOCIATES; XL SPECIALTY INSURANCE COMPANY,<br><br>    Defendants - Appellees. | No. 03-16418<br><br>D.C. No. CV-02-02010-JWS<br><br>MEMORANDUM* |
| CHARLES POSNANSKI,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>WILLIAM GIBNEY; GIBNEY & ASSOCIATES,<br><br>    Defendants - Appellants,<br><br>  and,<br><br>XL SPECIALTY INSURANCE COMPANY, | No. 03-16477<br><br>D.C. No. CV-02-02010-JWS |

    \* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| Defendant. | |

| | |
|---|---|
| CHARLES POSNANSKI, | No. 03-17235 |
| Plaintiff - Appellee, | D.C. No. CV-02-02010-JWS |
| v. | |
| WILLIAM GIBNEY; GIBNEY & ASSOCIATES, | |
| Defendants - Appellants, | |
| and, | |
| XL SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted February 7, 2005
San Francisco, California

Before: WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

Appellant Charles Posnanski appeals the judgment of the district court dismissing his suit on the basis of the Arizona law. Posnanski argues that the court erred in its choice of Arizona substantive law, in its application of Arizona's

statute of limitations to his tort claims, and in its dismissal of his contract claim. Appellees William Gibney, Gibney & Associates, and XL Insurance (collectively "Defendants") cross-appeal the enforcement of sanctions entered by the Western District of Wisconsin. Defendants also appeal the Arizona District Court's denial of attorney's fees, expert fees, and related non-taxable costs under Ariz. Rev. Stat. § 12-341.01(A) and Arizona District Local Rule 2.20. We affirm the judgment of the Arizona District Court on all claims. A companion published opinion is filed concurrently with this unpublished opinion.

1. We review *de novo* a district court's summary judgment, its decision regarding appropriate choice of law, and its interpretation and application of state law. *See United States v. Orr. Water Ditch Co.*, 391 F.3d 1077, 1080 (9th Cir. 2004); *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 341 F.3d 961, 969 (9th Cir. 2003); *Elwood v. Aid Ins. Co.*, 880 F.2d 204, 206 (9th Cir. 1989). We agree with the district court that Arizona substantive law applied regardless of whether Wisconsin or Arizona choice of law provisions applied. *See Beloit Liquidating Trust v. Grade*, 677 N.W.2d 298, 307 (Wis. 2004); *DeLoach v. Alfred*, 960 P.2d 628, 630 (Ariz. 1998). The district court properly held that Posnanski's cause of action accrued on March 18, 2000, and that the statute of limitations had run on his tort claims. *See Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998); *Reed v. Mitchell*

3

*& Timbanard, P.C.*, 903 P.2d 621, 625 (Ariz. Ct. App. 1995). The district court did not err when it held that Defendants were not equitably estopped from asserting a statute of limitations defense, *see Nolde v. Frankie*, 964 P.2d 477, 480-82 (Ariz. 1998), and that Defendants had not fraudulently concealed Posnanski's causes of action, *see Anson v. American Motors Corp.*, 747 P.2d 581, 587 (Ariz. Ct. App. 1987). We also hold that the Arizona District Court properly dismissed Posnanski's breach of contract claim. *See Collins v. Miller & Miller, Ltd.*, 943 P.2d 747, 755 (Ariz. Ct. App. 1996); *Towns v. Frey*, 721 P.2d 147, 149 (Ariz. Ct. App. 1986).

2. We review an order enforcing sanctions for abuse of discretion. *Palmer v. Pioneer Inn Assocs.*, 338 F.3d 981, 985 (9th Cir. 2003). The Arizona District Court did not abuse its discretion by enforcing discovery sanctions imposed by the Western District of Wisconsin.

3. We review *de novo* the interpretation and application of relevant state law. *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Under Arizona law, the trial court has broad discretion to grant or deny a request for attorneys' fees. *See Associated Indemnity Corp. v. Warner*, 694 P.2d 1181, 1183 (Ariz. 1985); *Paloma Inv. Ltd. P'ship v. Jenkins*, 978 P.2d 110, 116 (Ariz. Ct. App. 1999); *Wildwood Hills Mobile Home Park v. Arizona Dep't of Bldg. &*

*Fire*, 885 P.2d 131, 138 (Ariz. Ct. App. 1994). We hold that the Arizona District Court properly applied Ariz. Rev. Stat. § 12-341.01(A) in holding that Posnanski's malpractice claim did not arise out of contract. *See Barmat v. John & Jane Doe Partners A-D*, 747 P.2d 1218, 1220 (Ariz. 1987); *Towns*, 721 P.2d at 149. We also hold that the Arizona District Court did not abuse its discretion by denying attorney's fees and non-taxable costs. *See Barmat*, 747 P.2d at 1220.

4. We review *de novo* whether expert fees, pursuant to Fed. R. Civ. P. 26(b)(4)(C), are taxable as costs. *United States v. City of Twin Falls*, 806 F.2d 862, 879 (9th Cir. 1986), *overruled on other grounds, Ass'n of Flight Attendants v. Horizon Air Indus., Inc.*, 976 F.2d 541, 551-52 (9th Cir. 1992). The district court found that the parties had entered a de facto stipulation, and we agree. We hold that Defendants were equitably estopped from requesting fees under Fed. R. Civ. P. 26 by their actions during discovery. *See Dickerson v. Colgrove*, 100 U.S. 578, 580 (1879); *United States v. Georgia-Pacific Co.*, 421 F.2d 92, 95-96 (9th Cir. 1970).

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

SEP 3 0 2005

by: Ruben Talavera
    Deputy Clerk

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES POSNANSKI,<br>　　　　*Plaintiff-Appellant,*<br>v.<br>WILLIAM GIBNEY; GIBNEY &<br>ASSOCIATES; XL SPECIALTY<br>INSURANCE COMPANY,<br>　　　　*Defendants-Appellees.* | No. 03-16418<br>D.C. No.<br>CV-02-02010-JWS |
| CHARLES POSNANSKI,<br>　　　　*Plaintiff-Appellee,*<br>v.<br>WILLIAM GIBNEY; GIBNEY &<br>ASSOCIATES,<br>　　　　*Defendants-Appellants,*<br>and<br>XL SPECIALTY INSURANCE COMPANY,<br>　　　　*Defendant.* | No. 03-17235<br>D.C. No.<br>CV-02-02010-JWS |

11809

CHARLES POSNANSKI,
         *Plaintiff-Appellee,*

v.

WILLIAM GIBNEY; GIBNEY & ASSOCIATES,
         *Defendants-Appellants,*

and

XL SPECIALTY INSURANCE COMPANY,
         *Defendant.*

No. 03-16477
D.C. No.
CV-02-02010-JWS
OPINION

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted
February 7, 2005—San Francisco, California

Filed August 30, 2005

Before: J. Clifford Wallace, Johnnie B. Rawlinson, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

## SUMMARY

### Civil Litigation and Procedure/Jurisdiction

The court of appeals affirmed a judgment of the district court. The court held that it may not review a transfer under 28 U.S.C. § 1404 by a district court outside of the Ninth Circuit to a district court within the Ninth Circuit.

Appellant Charles Posnanski filed suit in federal district court in Wisconsin against appellees William Gibney, Gibney and Associates, and XL Insurance, all of whom were residents of Arizona. When Gibney sought summary judgment in the Wisconsin district court, the court *sua sponte* transferred the case to federal district court in Arizona under § 1404(a), citing the interests of justice and the convenience of the parties. The Arizona district court entered judgment against Posnanski.

Posnanski appealed, arguing, among other things, that the district court in Wisconsin erred when it transferred the case to Arizona.

[1] So far as the court of appeals could determine, it had never addressed whether an out-of-circuit district court's decision to transfer a case to a district court within the Ninth Circuit is appealable to the Ninth Circuit, although there was some language in a footnote of a Ninth Circuit decision suggesting that it could. [2] Ten years later, the court of appeals recognized that the footnote was dicta. [3] The footnote stood in contrast to the considered views of the commentators and the seven circuits to have addressed this issue. The First, Fourth, Sixth, Seventh, Eighth, Eleventh and D.C. Circuits have all held that a transferee circuit does not have jurisdiction to review a transfer order by a transferor court in another circuit. [4] Such transfer orders are reviewable only in the circuit of the transferor district court. [5] The Ninth Circuit joined its sister circuits and held that the Ninth Circuit may not review a transfer under § 1404 by a district court outside of the Ninth Circuit to a district court within the Ninth Circuit. If Posnanski disagreed with the transfer from Wisconsin to Arizona, he should have sought review, by whatever means were available to him, in the Seventh Circuit. [6] A party, such as Posnanski, is not without any recourse. He could move in the transferee court to retransfer the action to the transferor court and the denial of that motion is reviewable in the transferee circuit. [7] The court of appeals did not have

jurisdiction to review the transfer. The judgment of the district court had to be affirmed.

## COUNSEL

Donald K. Schott and Stacy Y. Hannert, Quarles & Brady LLP, Madison, Wisconsin, and Phoenix, Arizona, for the plaintiff-appellant-cross-appellee.

Randal N. Arnold, Russell A. Klingaman, and David J. Hanus, Hinshaw & Culbertson LLP, Milwaukee, Wisconsin, for the defendants-appellees-cross-appellants.

## OPINION

BYBEE, Circuit Judge:

In this case we consider an issue of first impression in our circuit: May we review the decision of a district court outside our circuit to transfer a case into our circuit? We hold that we may not.

This appeal comes to the court from the District of Arizona, by way of a transfer from the Western District of Wisconsin. Charles Posnanski filed suit in federal district court in Wisconsin against William Gibney, Gibney & Associates, and XL Insurance ("Defendants"), all of whom are residents of Arizona. When defendants sought summary judgment in the Wisconsin district court, the court *sua sponte* transferred the case to the District of Arizona under 28 U.S.C. § 1404(a), citing the interests of justice and the convenience of the parties. The Arizona district court entered judgment against Posnanski, who appeals a number of issues. In this opinion, we address

only our authority to review the transfer from Wisconsin to Arizona.[1]

Posnanski argues that the Western District of Wisconsin erred when it transferred the case to the District of Arizona. At the outset, it is unclear that we can review the Wisconsin district court's decision. In general, we review a district court's decision to transfer a case under § 1404 for abuse of discretion. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988). *See also King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (reviewing a district court's decision to dismiss, rather than to transfer a case under 28 U.S.C. § 1406, for abuse of discretion); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (reviewing a district court's decision *not* to transfer a case under 28 U.S.C. § 1631 for abuse of discretion).

[1] So far as we can determine, we have never addressed whether an out-of-circuit district court's decision to transfer a case to a district court within our circuit is appealable to our circuit, although there is some language suggesting that we can. The confusion stems from our decision in *American Fidelity Fire Insurance Co. v. United States District Court*, 538 F.2d 1371 (9th Cir. 1976). In that case, a cross-claim in a suit pending in the Northern District of California was transferred to the United States Court of Claims pursuant to 28 U.S.C. § 1406(c). In the course of explaining why we would *not* vacate the transfer order by mandamus, we stated that "a venue transfer between district courts in different circuits pursuant to 28 U.S.C. §§ 1404(a) or 1406(a) can be reviewed as a matter of right in a court of appeals." *Id.* at 1377. Although we were dealing with an order from a transferor district court within our circuit, rather than from one outside our circuit, and were holding that mandamus would *not* be granted, we

---

[1] We have addressed Posnanski's other claims in an unpublished disposition, *Posnanski v. Gibney*, No. 03-17235, filed concurrently with this opinion.

11814      POSNANSKI v. GIBNEY

added in a footnote that "[o]n appeal from a final judgment we may exercise our appellate jurisdiction to review a district court's transfer order, *even if the transferor court is not within our circuit.*" *Id.* at 1377 n.4 (emphasis added).

We cited two cases in support of this proposition. In the first case, *Gulf Research & Dev. Co. v. Harrison*, 185 F.2d 457, 458-59 (9th Cir. 1950), we did not actually review a transfer order from an out-of-circuit district court as the transferee court. Rather, petitioner sought a writ of mandamus compelling a judge in the Southern District of California to withdraw an order of transfer to the District of Delaware. In the second case, *Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co.*, 178 F.2d 866, 869 (2d Cir. 1950), the Second Circuit discussed whether it could review an appeal of a transfer from the Southern District of New York to the Eastern District of Wisconsin. Again, in that case, the transferor court was within the reviewing circuit. Thus, neither of the cases relied upon by *American Fidelity* actually dealt with a "transferor court . . . not within our circuit," 538 F.2d at 1377 n.4, nor did *American Fidelity* itself deal with a review of a transfer order from such a court. Our statement in footnote four was both overbroad and dicta.

[2] Ten years after *American Fidelity*, we recognized that footnote four was dicta. "We need not address *the dicta* that a civil transfer order is reviewable by the circuit court for the transferee district. *See American Fidelity Fire Ins. Co. v. United States District Court*, 538 F.2d 1371, 1376-77 & n.4 (9th Cir. 1976)." *United States v. French*, 787 F.2d 1381, 1383 n.3 (9th Cir. 1986) (emphasis added); *see also* 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3846, at 359 (1986) ("There is dicta suggesting a [view that a transfer order is appealable to the transferee circuit], but neither [the Ninth nor Second Circuit] courts has ever in fact reviewed a transfer order issued by a district court in another circuit.").

[3] Footnote four in *American Fidelity* stands in contrast to the considered views of the commentators and the seven circuits to have addressed this issue. Wright & Miller state the basic rule: "[I]f a transfer was made from a district court in one circuit to a district court in another, the court of appeals in the latter circuit cannot directly review the action of the first district court in ordering transfer." 15 WRIGHT & MILLER § 3855, *supra* at 474. The First, Fourth, Sixth, Seventh, Eighth, Eleventh and D.C. Circuits have all held that a transferee circuit does not have jurisdiction to review a transfer order by a transferor court in another circuit. *See United States v. Copley*, 25 F.3d 660, 662 (8th Cir. 1994) ("We lack jurisdiction to consider Petitioner's first argument, which concerns the North Carolina district court's decision to transfer this case to the Missouri district court. Nevertheless, we can review the Missouri district court's implicit denial of Copley's motion to retransfer the revocation proceeding.") (citations omitted); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991) ("This court has held that we have no jurisdiction to review a decision to transfer venue rendered by a district court in another circuit."); *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) ("Although plaintiffs argue that this case should not have been transferred, the California district court's order transferring this case to the Southern District of Ohio is not reviewable by this court."); *Reyes v. Supervisor of DEA*, 834 F.2d 1093, 1095 (1st Cir. 1987) ("[T]here is substantial authority to conclude that we are precluded from reviewing an order [transferring a case into this circuit] by a district court in another circuit."); *Roofing & Sheet Metal Servs. Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 986, 989 (11th Cir. 1982) ("Congress has not given us jurisdiction to review decisions of district courts outside this Circuit. . . . Because we lack appellate jurisdiction, we dismiss the appeal to the extent that it challenges the order transferring the case to the Southern District of Alabama.") (citations omitted); *Linell v. Sloan*, 636 F.2d 65, 67 (4th Cir. 1980) ("Under the prevailing view among the circuits, [plaintiffs] should have moved for retrans-

fer of their action in the Eastern District of Virginia, the transferee district court, in order to vest us with jurisdiction to pass on their contention."); *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974) (en banc) ("[I]t is well established that a transferee court cannot directly review the transfer order [from an out-of-circuit district court] itself"); *Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.*, 436 F.2d 1180, 1188 (7th Cir. 1971) ("Defendants argue that transfer of their earlier filed declaratory judgment action from the United States District Court for the Southern District of New York was improper. If it was, defendants should have raised that issue in the Second Circuit, not here."); *Purex Corp. v. St. Louis Nat'l Stockyards Co.*, 374 F.2d 998, 1000 (7th Cir. 1967) ("Inasmuch as the complaint of plaintiffs is actually directed against the action of the transferor court which sits in the [8th Circuit], and as the record fails to show that plaintiffs made, in the transferee court in Illinois, any motion to retransfer the case to St. Louis, we have no jurisdiction to act extraterritorially in order to adjudicate the question now raised by plaintiff."); *Preston Corp. v. Raese*, 335 F.2d 827, 828 (4th Cir. 1964) ("The rule is well established that a transfer order is not appealable.").

[4] The rule adopted by these circuits is correct. We know of no principle in American law that permits a circuit court of appeals to review, as such, a transfer order issued by a district court in another circuit. Such transfer orders, as we now hold, are reviewable only in the circuit of the transferor district court. *See American Fidelity*, 538 F.2d at 1376-77.

[5] We join our sister circuits and hold that we may not review a transfer under 28 U.S.C. § 1404 by a district court outside of our circuit to a district court within our circuit. If Posnanski disagreed with the transfer from the Western District of Wisconsin to the District of Arizona, he should have sought review, by whatever means were available to him, in the Seventh Circuit. *See Illinois Tool Works, Inc.*, 436 F.2d at 1188; *Purex Corp.*, 374 F.2d at 1000. His remedy lies in the

circuit of the transferor court, not the circuit of the transferee court.[2]

[6] A party, such as Posnanski, is not without any recourse. He may move in the transferee court to retransfer the action to the transferor court and the denial of that motion is reviewable in the transferee circuit. *See Song Byrd v. Estate of Grossman*, 206 F.3d 172, 177-78 (2d Cir. 2000); *Copley*, 25 F.3d at 662; *Linnell*, 636 F.2d at 67; 15 WRIGHT & MILLER § 3846, *supra* at 359-60 ("A motion to retransfer the action may be made in the transferee court and the ruling on that motion is reviewable in the court of appeals to which the transferee court is responsible."). Such review may even be had via a petition for a writ of mandamus in certain circumstances. *See Hoffman v. Blaski*, 363 U.S. 335, 340 n.9 (1960); *Hill v. Henderson*, 195 F.3d 671, 677 (D.C. Cir. 1999).

[7] We do not have jurisdiction to review the Western District of Wisconsin's transfer to the District of Arizona.

**AFFIRMED.**

---

[2]The Western District of Wisconsin stated in its order that transfer to the District of Arizona might also be proper under 28 U.S.C. § 1631. We see no reason why a different rule would apply to transfers pursuant to other statutes, such as 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631.